# Supreme Court of Florida

_____

No. SC20-1239

_____

**IN RE:  AMENDMENTS TO FLORIDA RULE OF
CIVIL PROCEDURE 1.650.**

April 8, 2021

PER CURIAM.

Before the Court is the report of The Florida Bar's Civil Procedure Rules Committee (Committee) proposing amendments to Florida Rule of Civil Procedure 1.650 (Medical Malpractice Presuit Screening Rule).  *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes to amend rule 1.650 to create consistency with the current version of section 766.106(6), Florida Statutes (2020), regarding informal discovery.

The Committee and the Board of Governors of The Florida Bar unanimously approved the proposed amendments.  The proposals

were published by both the Committee and the Court. No comments were received following either publication.

Having considered the proposed amendments, the Court hereby amends Florida Rule of Civil Procedure 1.650 as proposed by the Committee, with some minor revisions. Subdivision (c)(1) is amended to include "written questions" and "unsworn statements of treating health care providers" as methods of obtaining presuit screening discovery. New subdivisions, (c)(2)(D) and (c)(2)(E), are added to provide guidance on using written questions and unsworn statements of treating healthcare providers as methods of discovery.

Accordingly, Florida Rule of Civil Procedure 1.650 is amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Ceci Culpepper Berman, Chair, Tampa, Florida, and Honorable Ardith Michelle Bronson, Past Chair, Civil Procedure Rules Committee, Miami, Florida, and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

**Appendix**

**RULE 1.650.       MEDICAL MALPRACTICE PRESUIT SCREENING RULE**

**(a)-(b)**  [NO CHANGE]

**(c)      Discovery.**

**(1)     Types.** Upon receipt by a prospective defendant of a notice of intent to initiate litigation, the parties may obtain presuit screening discovery by one or more of the following methods: unsworn statements upon oral examination; production of documents or things; ~~and~~ physical examinations; written questions; and unsworn statements of treating health care providers. Unless otherwise provided in this rule, the parties shall make discoverable information available without formal discovery. Evidence of failure to comply with this rule may be grounds for dismissal of claims or defenses ultimately asserted.

**(2)     Procedures for Conducting.**

**(A)     Unsworn Statements.** ~~The parties~~Any party may require other parties to appear for the taking of an unsworn statement. The statements shall only be used for the purpose of presuit screening and are not discoverable or admissible in any civil action for any purpose by any party. A party desiring to take the unsworn statement of any party shall give reasonable notice in writing to all parties. The notice shall state the time and place for taking the statement and the name and address of the party to be examined. Unless otherwise impractical, the examination of any party shall be done at the same time by all other parties. Any party may be represented by an attorney at the taking of an unsworn statement. Statements may be transcribed or electronically recorded, or audiovisually recorded. The taking of unsworn statements of minors is subject to the provisions of rule 1.310(b)(8). The taking of unsworn statements is subject to the provisions of rule 1.310(d) and may be terminated for abuses. If abuses occur, the abuses shall be evidence of failure of that party to comply with the good faith requirements of section 766.106, Florida Statutes.

**(B)-(C)**  [NO CHANGE]

**(D)     Written Questions.** Any party may request answers to written questions, the number of which may not exceed 30, including subparts. The

party to whom the written questions are directed shall respond within 20 days of receipt of the questions. Copies of the answers to the written questions shall be served on all other parties. The party serving the answer to the written questions shall list the name and address of the parties upon whom the answers to the written questions were served, the date of service, and the manner of service in the certificate of service. Failure of a party to comply with the above time limits shall not relieve that party of its obligation under the statute, but shall be evidence of failure of that party to comply with the good faith requirements of section 766.106, Florida Statutes.

**(E)** **Unsworn Statements of Treating Healthcare Providers.** A prospective defendant or his or her legal representative may also take unsworn statements of the claimant's treating healthcare providers. The statements must be limited to those areas that are potentially relevant to the claim of personal injury or wrongful death. Subject to the procedural requirements of paragraph (2)(A), a prospective defendant may take unsworn statements from claimant's treating health care providers. The statements shall only be used for the purpose of presuit screening and are not discoverable or admissible in any civil action for any purpose by any party. A party desiring to take the unsworn statement of treating healthcare providers shall give reasonable notice in writing to all parties. The notice shall state the time and place for taking the statement and the name and address of the treating healthcare provider to be examined. Unless otherwise impractical, the examination of any treating healthcare provider shall be done at the same time by all other parties. Any party may be represented by an attorney at the taking of an unsworn statement of treating healthcare providers. Statements may be transcribed or electronically recorded, or audiovisually recorded. The taking of unsworn statements of a treating healthcare provider is subject to the provisions of rule 1.310(d) and may be terminated for abuses. If abuses occur, the abuses shall be evidence of failure of that party to comply with the good faith requirements of section 766.106, Florida Statutes.

**(3)** [NO CHANGE]

**(d)** [NO CHANGE]

**Committee Notes**

[NO CHANGE]

- 5 -